# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WANDA D. MOTA,
        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
        Agency.

DOCKET NUMBER
AT-831M-17-0100-X-1

DATE: May 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Wanda D. Mota</u>, Miami, Florida, pro se.

<u>Tynika Faison Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1　　The appellant has filed a petition for enforcement of the administrative judge's order in her appeal, which challenges the collection of a retirement annuity overpayment by the Office of Personnel Management (OPM). For the reasons discussed below, we find that OPM is in compliance and DISMISS the petition for enforcement.

**DISCUSSIONS OF ARGUMENTS AND EVIDENCE ON REVIEW**

¶2　　The appellant filed an appeal to contest an OPM decision that determined she had received a Civil Service Retirement Service (CSRS) disability retirement annuity overpayment totaling $14,435.82 and denied her request for a waiver of collection of the overpayment. *Mota v. Office of Personnel Management*, MSPB Docket No. AT-831M-17-0100-I-1, Initial Appeal File (IAF), Tab 1. In a September 28, 2017 initial decision, the administrative judge found that OPM failed to meet its burden of establishing the amount of the overpayment, and he therefore vacated OPM's decision and remanded the appeal to OPM for further consideration. IAF, Tab 22, Initial Decision (ID). The administrative judge ordered OPM to: (1) recompute the appellant's disability retirement annuity as of the date she would have been entitled to the annuity after her Office of Workers' Compensation Programs (OWCP) benefits terminated and also as of the later date of her separation from the U.S. Postal Service; (2) determine the effect that the election of each these alternatives would have on the appellant's monthly annuity and the amount of any resulting overpayment in each case; (3) notify the appellant of its determinations and provide her the opportunity to elect one of the annuity commencement dates; and (4) if the appellant's election resulted in an overpayment, afford the appellant the opportunity to contest the overpayment and to request a waiver, a compromise, lower installment payments, or a voluntary payment agreement. ID at 7. The initial decision became the final decision of the Board after neither party filed an administrative petition for review. ID at 9.

¶3      On February 13, 2018, the appellant filed a petition for enforcement of the Board's final decision, alleging that she had not received any correspondence from OPM. *Mota v. Office of Personnel Management,* MSPB Docket No. AT-831M-17-0100-C-1, Compliance File (CF), Tab 1. In a March 19, 2018 compliance initial decision, the administrative judge granted the appellant's petition for enforcement, finding that OPM failed to establish compliance with the Board's order and ordering OPM to submit to the Clerk of the Board a narrative explanation regarding the status of its compliance. CF, Tab 3, Compliance Initial Decision (CID).

¶4      On October 1, 2019, OPM informed the Board that it had complied with the Board's final decision, attaching a September 26, 2019 annuity election letter it had sent to the appellant informing her of the "corrected and final figures." *Mota v. Office of Personnel Management*, MSPB Docket No. AT-831M-17-0100-X-1, Compliance Referral File (CRF), Tab 9.[3] Specifically, the letter informed the appellant that she had the option to commence her CSRS disability annuity on her separation date of October 2, 2012, or on her last day of pay (i.e., the last OWCP payment) of October 13, 2019. *Id.* The letter reflected that electing to commence her annuity on her separation date would result in a gross monthly annuity of $2,712 and an overpayment of $23,019.25, while electing to commence her annuity on her last day of pay would result in a gross monthly annuity of $2,473 and an underpayment of $1,571.85. *Id.* On October 29, 2019, OPM notified the Board that the appellant had made an election regarding the commencement date of her annuity and provided a copy of the appellant's completed election form. CRF, Tab 11.

---

[3] Previously, on March 28 and August 6, 2018, OPM notified that Board that it had complied with the Board's final decision and provided copies of two annuity election letters—dated March 9 and August 6, 2018, respectively—informing the appellant of her two possible annuity commencement dates and the resulting annuity and overpayment amounts for each date. CRF, Tabs 1, 7.

¶5    As described above, OPM's October 1, 2019 compliance submission reflects that it has carried out the actions specified in the Board's final decision—namely, to recalculate the appellant's disability retirement annuity based on her last day of pay and on her separation date and to provide her the opportunity to elect one. CRF, Tab 9. As the appellant has not challenged this evidence of compliance, we assume she is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶6    In light of the foregoing, we find that OPM has now complied with the Board's final order and dismiss the appellant's petition for enforcement.[4] This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[4] Although the appellant's election resulted in an overpayment, CRF, Tab 11 at 4, OPM has not provided evidence reflecting that it has afforded the appellant the opportunity to contest the overpayment and to request a waiver, a compromise, lower installment payments, or a voluntary payment agreement, as required by the Board's final decision, ID at 7. Nonetheless, as the appellant has not challenged OPM's compliance in this regard, we do not find that its failure to provide such evidence precludes a finding of compliance.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.